FILED
United States Court of Appeals
Tenth Circuit

May 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAO SHUN WU,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 09-9544
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Dao Shun Wu, a citizen of the People's Republic of China, seeks review of

an order entered by the Board of Immigration Appeals (BIA) affirming the

removal order of an Immigration Judge (IJ). The agency dismissed his asylum

claim as untimely and denied his claims for restriction on removal and protection

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the Convention Against Torture (CAT). We dismiss Mr. Wu's asylum claim for lack of jurisdiction. We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review of the remaining claims.

*Background*

Mr. Wu entered the United States without inspection in October of 1999. In November of 1999, he was served with a notice to appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without possessing or presenting valid entry documents. He failed to appear for a hearing and was ordered removed in absentia. In late 2004, an IJ granted Mr. Wu's motion to reopen and scheduled a new hearing for May 19, 2005. Mr. Wu conceded his removability, and requested asylum, restriction on removal,[1] and CAT protection. After granting a continuance, the IJ held a hearing on February 12, 2008.

Mr. Wu appeared with counsel and testified that he feared that if he returned to China, he would be subjected to forced sterilization under China's one-child policy. He explained that in 1999, he fathered a child with his girlfriend. He testified that after the child's birth in their hometown on March 27, 1999, they went into hiding for four months and then returned to introduce the

---

[1]     The parties refer to "withholding of removal," a term retained in the regulations under the Immigration and Nationality Act. *See, e.g.,* 8 C.F.R. § 208.16(b). We refer instead to "restriction on removal," pursuant to the statutory definition. *See* 8 U.S.C. § 1231(b)(3); *Razkane v. Holder*, 562 F.3d 1283, 1285 n.1 (10th Cir. 2009).

baby to their families. According to Mr. Wu, the family-planning officials arrived and attempted to arrest him for violating the family-planning policy, but the people in his village surrounded them, thus permitting Mr. Wu to escape. He immediately went into hiding for four months until he left for the United States. He testified that shortly after the altercation with the family-planning officials, his mother was detained for three or four days and told that her son should appear at their office. He also stated that his family told him in 2006 that they had received a notice of fines, apparently addressed to him, for having an unauthorized child.

The IJ ruled that Mr. Wu's asylum application, filed almost six years after he arrived in the United States, was outside the statutory one-year time limit, *see* 8 U.S.C. § 1158(a)(2)(B), and Mr. Wu had not shown that any exceptions applied, *see id.* § 1158(a)(2)(D). The IJ then denied Mr. Wu's applications for restriction on removal and CAT protection. The BIA denied relief, concluding that the asylum application was correctly dismissed as untimely and affirming the IJ's determinations on the other claims. On appeal to this court, Mr. Wu argues (1) his late-filed asylum application was the result of ineffective assistance of counsel, so should have been considered on the merits; (2) the BIA applied improper legal standards to conclude that the event he described did not rise to the level of persecution to qualify for restriction on removal; (3) his procedural due process rights were violated because the BIA refused to consider his

evidence; and (4) he is entitled to CAT Protection, and the failure to include his CAT claim in the BIA appeal was due to ineffective assistance of counsel.

*Analysis*

**I. Standards of Review.**

The BIA issued a brief order entered by a single member of the BIA under 8 C.F.R. § 1003.1(e)(5). We therefore review the BIA's decision as the final order of removal but "may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). In addition, "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* (quotation omitted).

While we review legal determinations de novo, our review of factual findings is governed by the substantial evidence standard. *See Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Thus, we must "look to the record for 'substantial evidence' supporting the agency's decision: '[O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.'" *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (quoting *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004)). "The agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to

conclude to the contrary.'"  *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir.

2008) (quoting 8 U.S.C. § 1252(b)(4)(B) (further quotation omitted)).

## II.  Untimely Asylum Claim.

To be considered for asylum, an alien is required to demonstrate by clear

and convincing evidence that his application has been filed within one year after

his arrival in the United States.  *See* 8 U.S.C. § 1158(a)(2)(B).  This court does

not have jurisdiction to review the BIA's denial of Mr. Wu's asylum claim as

untimely unless he presents a constitutional claim or a question of law.  *See Ferry*

*v. Gonzales*, 457 F.3d 1117, 1129-30 (10th Cir. 2006).

Mr. Wu concedes that he did not file his asylum claim within the one-year

deadline, but he maintains that the failure was caused by his attorney's

misfeasance.[2]  Accordingly, he presents a constitutional claim of ineffective

assistance of counsel to invoke this court's jurisdiction.  But Mr. Wu did not raise

this issue in his appeal to the BIA.  Therefore, this court lacks jurisdiction over

his constitutional claim.  *See Ismaiel*, 516 F.3d at 1207 (holding court of appeals

lacked jurisdiction over issues not presented to the BIA).  And because his

remaining arguments concerning the merits of his asylum claim are "directed

solely at the agency's discretionary and factual determinations, [they] remain

---

[2]     Mr. Wu is represented on appeal by counsel other than his attorneys in the
agency proceedings.

-5-

outside the scope of judicial review." *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). Mr. Wu's asylum claim will be dismissed.

## III. Restriction on Removal and Procedural Due Process Claims.

The time limit for filing an asylum application does not apply to an application for restriction on removal. *Wei v. Mukasey*, 545 F.3d 1248, 1250 (10th Cir. 2008); *see also* 8 C.F.R. § 208.4(a) (2008). "To obtain restriction on removal, the alien must demonstrate that [his] 'life or freedom would be threatened in [the proposed country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'" *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quoting 8 U.S.C. § 1231(b)(3)(A)). "The question under [the clear-probability] standard is whether it is more likely than not that the alien would be subject to persecution" upon return to the country. *INS v. Stevic*, 467 U.S. 407, 424 (1984). "[A] person who has a well founded fear that he . . . will be forced to undergo" a sterilization "shall be deemed to have a well founded fear of persecution on account of political opinion." 8 U.S.C. § 1101(a)(42).

Mr. Wu contends that the BIA erred in denying him restriction on removal by concluding that his 1999 altercation with the family-planning officials did not rise to the level of past persecution to qualify for restriction on removal. He also claims that his procedural due process rights were violated because the IJ and the

BIA refused to consider his evidence, but this claim is essentially a challenge to the agency's merits determination.

Mr. Wu asserts that he has a well-founded fear that he will be persecuted by forced sterilization based on the 1999 incident with the family-planning officials, his mother's three- or four-day detention in 1999, and a 2006 notice purporting to impose an unspecified fine for having an unauthorized child. To the extent Mr. Wu argues that he has demonstrated that he will be persecuted based on his partner's coerced abortion or sterilization, Aplt. Opening Br. at 21, there is no evidence that his girlfriend was required to undergo an abortion or sterilization; in fact, the evidence was to the contrary. Therefore, we need not address whether the forced sterilization of his girlfriend would entitle him to restriction on removal. *Cf. Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1332-33 (11th Cir. 2009) (holding automatic refugee status not automatically conferred on "an individual merely because his or her spouse (or unmarried partner) underwent a forced abortion or sterilization"); *Lin-Zheng v. Att'y Gen.*, 557 F.3d 147, 157 (3rd Cir. 2008) (en banc) (holding husband's claim that wife underwent "forced abortion and/or the forced insertion of an IUD . . . , even if credible," did not establish his eligibility for asylum). After reviewing the record, we cannot conclude that every reasonable fact-finder would be compelled to find it more likely than not that Mr. Wu would be persecuted upon his return to China.

Accordingly, the BIA did not err in finding that Mr. Wu failed to show past persecution or a well-founded fear of persecution.

Mr. Wu also asserts that he has a well-founded fear of persecution because he was illegally smuggled out of China. In addition, he claims he has a well-founded fear of future economic persecution because he may be fined for violating China's family-planning policy.[3] These claims were not raised to the BIA, so we do not have jurisdiction to consider them. *See Ismaiel*, 516 F.3d at 1207.

**IV.  CAT Claim.**

"Article 3 of the Convention Against Torture prohibits the [return] of an alien to a country where it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005) (quotation omitted). Mr. Wu argues that he is entitled to CAT relief and that his CAT claim was not presented to the BIA due to ineffective assistance of counsel. Because the BIA considered and rejected this claim, we need not address his assertion of ineffective assistance of counsel. Mr. Wu presented no evidence that

---

[3]     Mr. Wu also apparently claims he will be persecuted "for other resistance to a coercive population control program, [so he should] be deemed to have been persecuted on account of political opinion," 8 U.S.C. § 1101(a)(42). But the record contains no evidence of "resistance" other than the 1999 altercation, which the agency properly determined was insufficient to establish past persecution or a well-founded fear of persecution.

he would be subjected to torture if he were returned to China, except his description of the 1999 family-planning incident. Therefore, he failed to carry his burden of proof, *see* 8 C.F.R. § 1208.16(c)(2), and the BIA did not err in denying this claim.

### *Conclusion*

Mr. Wu's asylum claim is DISMISSED for lack of jurisdiction. The petition for review is otherwise DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge